UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LUIS ASTUDILLO,

                        Plaintiff,

                                                    23-cv-10819 (PKC)

            -against-                               ORDER


210-220 E. 22ND STREET SSGA OWNER,
LLC,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The limited subject matter jurisdiction of a district court is best addressed at the

outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        "It is firmly established that diversity of citizenship should be distinctly and

positively averred in the pleadings, or should appear with equal distinctness in other parts of the

record."  Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d

Cir. 1996) (internal quotations omitted).

        The complaint alleges that "Plaintiff was and still is a resident of County of

Queens, City and State of New York."  (Complaint, ¶ 5).  For the purposes of alleging diversity

jurisdiction, an individual's state of citizenship is not determined by his state of residence but by

his state of domicile.  Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998).

        Also, the Complaint alleges that "Defendant was and still is a Delaware

corporation organized and existing under the laws of the State of New York, licensed to do

business in New York."  (Id. ¶ 6).  The name of the defendant—210-220 E. 22nd Street SSGA

Owner, LLC—indicates that the defendant is actually a limited liability company.  "A limited liability company [] takes the citizenship of each of its members."  <u>Bayerische Landesbank, New York Branch v. Alladin Capital Management LLC</u>, 692 F.3d 42, 49 (2d Cir. 2012).  In order to evaluate whether complete diversity exists, the Plaintiff must plead the citizenship of each of the members of the defendant limited liability company.  If a member is an individual, the Plaintiff must plead the individual's state of domicile; if a member is a corporation, the Plaintiff must plead the corporation's state of incorporation and principal place of business, and if the member is a limited liability company, the Plaintiff must then plead the citizenship of its members.

Within fourteen days of this Order, plaintiff shall file an Amended Complaint that properly alleges the citizenship of both the plaintiff and defendant, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 14, 2023

- 2 -