UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LUIS ASTUDILLO,

                            Plaintiff,

                                                                             23-cv-10819 (PKC)

              -against-                                                    ORDER

210-220 E. 22ND STREET SSGA OWNER,
LLC,

                            Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On December 14, 2023, the Court ordered the Plaintiff to correct deficiencies in the Complaint's averment of subject matter jurisdiction based on diversity of citizenship. (ECF 3). The Plaintiff has filed an Amended Complaint, but has not corrected the deficiencies noted by the Court.

        First, the Plaintiff continues to state that he "was and still is a resident of County of Queens, City and State of New York." (Amended Complaint, ECF 4, ¶ 5). As explained in the Court's earlier order, for purposes of alleging diversity jurisdiction, an individual's state of citizenship is not determined by his state of residence but by his state of domicile. Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998).

        Second, the Plaintiff has not properly alleged the Defendant's citizenship. The Plaintiff alleges that the Defendant—210-220 E. 22nd Street SSGA Owner, LLC—"was and still is a Delaware corporation, with its principal place of business in the County of New Castle, State of Delaware." (Amended Complaint, ¶ 6). The Defendant is a limited liability company, not a

- 2 -

corporation.  See 6 Delaware Code § 18-102(1) ("The name of each limited liability company . . . [s]hall contain the words 'Limited Liability Company' or the abbreviation 'L.L.C.' or the designation 'LLC'").  In its earlier order, the Court directed the Plaintiff to allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.

The Court's previous order stated that if the Plaintiff did not correct these deficiencies, the action would be dismissed.  The Plaintiff has not corrected the deficiencies.  Accordingly, the action is dismissed without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 19, 2023